Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

R. Charles Henn Jr. (*pro hac vice* pending)
chenn@kilpatricktownsend.com
Charles H. Hooker III (*pro hac vice* pending)
chooker@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: 404.815.6500
Facsimile: 404.815.6555

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ADIDAS AMERICA, INC.**, an Oregon corporation; and **ADIDAS AG**, a foreign entity,<br><br>               Plaintiffs,<br><br>   v.<br><br>**FASHION NOVA, INC.**, a California corporation; and **REFLEX PERFORMANCE RESOURCES, INC.**, a New York corporation,<br><br>               Defendants. | No. 3:19-cv-740-AC<br><br>**FIRST AMENDED COMPLAINT**<br>(Trademark Infringement, Trademark Counterfeiting, Unfair Competition, and Trademark Dilution)<br><br>**DEMAND FOR JURY TRIAL** |

1- FIRST AMENDED COMPLAINT (Trademark Infringement, Trademark Counterfeiting, Unfair Competition, and Trademark Dilution)
21184-0129/LEGAL145817788.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Plaintiffs adidas America, Inc. and adidas AG (collectively, "adidas") state the following for their First Amended Complaint against Defendant Fashion Nova, Inc. ("Fashion Nova") and Defendant Reflex Performance Resources, Inc. ("Reflex") (collectively, "Defendants").

## I.    INTRODUCTION

1.    For decades, adidas has manufactured, advertised, marketed, promoted, distributed, and sold footwear and apparel bearing its famous and distinctive Three-Stripe trademark (the "Three-Stripe Mark"). adidas owns numerous federal trademark registrations for its famous Three-Stripe Mark for apparel and footwear, many of which are incontestable.

2.    adidas has invested hundreds of millions of dollars building its brand in connection with the Three-Stripe Mark, and federal courts have repeatedly acknowledged that the Three-Stripe Mark is famous among consumers in the United States.

3.    Since at least as early as 1967, adidas has made exclusive use of the Three-Stripe Mark on apparel, examples of which are depicted below:

  

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

  

4.     Well after adidas began selling apparel bearing its famous Three-Stripe Mark, Defendants began offering for sale apparel bearing identical or confusingly similar imitations of the Three-Stripe Mark (the "Infringing Apparel").  Examples of the Infringing Apparel offered by Fashion Nova appear below:

  

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222









**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

  

     5.      On information and belief, Defendant Reflex is offering for sale, selling, and supplying the Infringing Apparel shown below to Defendant Fashion Nova:



     6.      The Infringing Apparel imitates adidas's Three-Stripe Mark in a manner that is likely to cause consumer confusion and deceive the public regarding its source, sponsorship, or affiliation. Defendants' actions are irreparably harming adidas's brand and its extremely valuable Three-Stripe Mark.

5- FIRST AMENDED COMPLAINT (Trademark
    Infringement, Trademark Counterfeiting, Unfair
    Competition, and Trademark Dilution)
21184-0129/LEGAL145817788.1

7.    This is, therefore, an action at law and in equity for trademark infringement, counterfeiting, dilution, and unfair competition arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"); the fair business practices and unfair and deceptive trade practices acts of several states; and the common law. Among other relief, adidas asks this Court to: (a) permanently enjoin Defendants from distributing, marketing, or selling apparel using or bearing confusingly similar imitations of the Three-Stripe Mark; (b) award adidas monetary damages and to treble that award; (c) award adidas statutory damages; (d) require Defendants to disgorge all of their profits from their sale of the Infringing Apparel; and (e) award adidas punitive damages, attorneys' fees, and costs.

## II.    PARTIES

8.    Plaintiff adidas AG is a joint stock company organized and existing under the laws of the Federal Republic of Germany, having its office and principal place of business at Postach 11230, D-91072 Herzogenaurach, Federal Republic of Germany.

9.    Plaintiff adidas America, Inc. is a corporation organized and existing under the laws of the State of Oregon, having its principal place of business at 5055 N. Greeley Avenue, Portland, Oregon 97217. adidas America, Inc. directs all U.S.-based operations on behalf of adidas AG, including sales, brand marketing, product marketing, product design, public relations, distribution, enforcement, and licensing of and for ADIDAS-branded merchandise, including goods bearing the famous Three-Stripe Mark. adidas AG and adidas America, Inc., as well as any predecessors or related entities, are collectively referred to as "adidas."

10.    On information and belief, Defendant Fashion Nova, Inc. is a corporation organized and existing under the laws of California, having a principal place of business at 2801 East 46th Street, Vernon, California 90058.

6- FIRST AMENDED COMPLAINT (Trademark Infringement, Trademark Counterfeiting, Unfair Competition, and Trademark Dilution)

21184-0129/LEGAL145817788.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

11.     On information and belief, Defendant Reflex Performance Resources, Inc. is a corporation organized and existing under the laws of New York, having a principal place of business at 455 S. 6th Avenue, Industry, California 91746.

### III.     JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 2201 and 2202. Subject matter jurisdiction over adidas's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

13.     This Court has personal jurisdiction over Defendants because, upon information and belief, (a) Defendants have knowingly and purposefully marketed, distributed, offered for sale, and sold the Infringing Apparel to persons within the State of Oregon; (b) Defendants regularly transact and conduct business within the State of Oregon; and (c) Defendants have otherwise made or established contacts within the State of Oregon sufficient to permit the exercise of personal jurisdiction.

14.     Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the acts or omissions giving rise to adidas's claims occurred in this District.

### IV.     FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.  adidas's Famous Three-Stripe Mark**

15.     adidas is currently, and for many years has been, one of the world's leading manufacturers of athletic apparel, sportswear, footwear, and sporting equipment. At least as early as 1952, adidas began using the Three-Stripe Mark on footwear sold in the United States and worldwide. The Three-Stripe Mark quickly came to signify the quality and reputation of adidas footwear. Pages from adidas catalogs featuring examples of footwear bearing the Three-Stripe

7- FIRST AMENDED COMPLAINT (Trademark
   Infringement, Trademark Counterfeiting, Unfair
   Competition, and Trademark Dilution)
21184-0129/LEGAL145817788.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Mark are attached as **Exhibit 1**.

16.     At least as early as 1967, adidas began using its Three-Stripe Mark on apparel sold in the United States and worldwide. The Three-Stripe Mark quickly came to signify the quality and reputation of adidas apparel as well. Pages from adidas catalogs featuring examples of apparel bearing the Three-Stripe Mark are attached as **Exhibit 2**.

17.     adidas is the owner of a federal trademark registration, Reg. No. 2,016,963, issued by the USPTO on November 19, 1996 for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely jackets."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 3**.

18.     adidas is the owner of a federal trademark registration, Reg. No. 2,058,619, issued by the USPTO on May 6, 1997 for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely shirts."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 4**.

19.    adidas is the owner of a federal trademark registration, Reg. No. 2,284,308, issued by the USPTO on October 12, 1999, for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely pants."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of the Registration for this mark is attached as **Exhibit 5**.

20.    Additionally, adidas owns federal registrations for verbal trademarks using the term "3 stripes," including THE BRAND WITH THE THREE STRIPES, Reg. No. 1,674,229, issued by the USPTO on February 4, 1992, for "sport and leisure wear." Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 6**.

21.    adidas's Three-Stripe Mark is well-known and famous throughout the United States and has been for many years.

22.    adidas has used the Three-Stripe Mark in connection with its frequent sponsorship of musical artists, including Beyoncé Knowles, Kanye West, Katy Perry, Pharrell Williams,

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Selena Gomez, and Snoop Dogg.

23.     adidas has also used the Three-Stripe Mark in connection with its frequent

sponsorship of athletic tournaments and organizations, as well as professional athletes and

collegiate sports teams. For example, adidas has had longstanding relationships with the

University of Nebraska, the University of Louisville, the Georgia Institute of Technology, the

University of Michigan, and the University of Miami. Among many others, adidas sponsors: (a)

NBA stars James Harden and John Wall; (b) NFL stars Von Miller and Patrick Mahomes; and

(c) professional golfer Sergio Garcia. For decades, adidas has also sponsored the world-famous

Boston Marathon, along with many other events, teams, and individuals.

24.     The adidas Three-Stripe Mark as used on apparel is nonfunctional, and the public

recognizes and understands that the Three-Stripe Mark distinguishes and identifies adidas's

products.

25.     Unsolicited media coverage has referred to adidas's "signature three stripes"

(Butler-Young, Sheena, "The Inside Scoop on How Adidas Became One of the Industry's Most

Sought-After Brands," *Footwear News*, March 14, 2017), "iconic three stripes" (Reimel, Erin,

"Alexander Wang Announced a Major Collab With Adidas at Fashion Week," *Glamour*,

September 11, 2016), "famous Three Stripes" (Schwartz, Rob, "Three Brands That Won At The

World Cup," *Forbes*, July 13, 2014), "trademark three-stripe sneakers" (Brettman, Allan,

"Adidas lifts 2012 forecast as sales in China soar in Q1," *The Oregonian*, May 1, 2012),

"ubiquitous three stripes" (Brettman, Allan, "Going 'All In' Against Nike," *The Oregonian*,

March 15, 2011), "trademark three-stripe logo" (Pennington, Bill, "Belts That Do More Than

Hold Up Pants," *New York Times*, July 26, 2009), "iconic three stripes" ("Game Time,"

*Footwear News*, June 16, 2008), "signature three stripes" (Moore, Booth, "Ringing

FIRST AMENDED COMPLAINT (Trademark
Infringement, Trademark Counterfeiting, Unfair
Competition, and Trademark Dilution)
21184-0129/LEGAL145817788.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

endorsements; Form follows function with much Olympic wear, but fashion and funding are also at play," *L.A. Times*, August 13, 2004), the "famous brand with the three stripes" (Whiting, Sam, "MustHave," *San Francisco Chronicle*, July 7, 2002), and the "legendary Adidas three stripes" ("Coty Inc.," *Brand Strategy*, September 27, 1999). Copies of the foregoing and other unsolicited media articles discussing the adidas brand and the Three-Stripe Mark are attached collectively as **Exhibit 7**.

26.     For over half a century, adidas extensively and continuously has used and promoted the Three-Stripe Mark in connection with apparel and footwear. In recent years, annual sales of products bearing the Three-Stripe Mark have totaled in the billions of dollars globally and in the hundreds of millions of dollars within the United States. The Three-Stripe Mark has achieved international fame and tremendous public recognition.

27.     Since introducing the Three-Stripe Mark, adidas has spent millions of dollars promoting the mark and products bearing the mark in the United States. For example, in March 2011, adidas launched an advertising campaign in the United States "featuring Chicago Bulls guard Derrick Rose, rapper B.o.B and pop singer Katy Perry, among others," that "highlights [adidas's] imprint on the worlds of sports, music and fashion," and "show[s] the breadth and depth of the Adidas brand." A March 15, 2011 article from *The Oregonian* describing the advertising campaign is attached as **Exhibit 8.** Then, adidas launched its "Sport 15" advertising campaign, which represents adidas's biggest ad spend in the United States to date. The campaign featured soccer superstar Lionel Messi, Derrick Rose of the Chicago Bulls, and DeMarco Murray of the Dallas Cowboys. A February 13, 2015, article from AdWeek describing adidas's Sport 15 advertising campaign is attached as **Exhibit 9**. adidas's 2016 campaign featured artists such as Luka Sabbat, Kyu Steed, Aleali May, Ikwa Zhao, and Reese Cooper, while touting the fame of

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

adidas's "signature three stripes." *See* **Exhibit 10** (Allen, Rachael, "Adidas' New Ad Campaign Is All About The Future," *Footwear News*, January 25, 2016). More recently, adidas launched its "Calling All Creators" campaign to highlight its position at the intersection of sport and culture. The campaign featured superstars from sports and beyond, including FC Barcelona striker Lionel Messi, Connecticut Sun forward Chiney Ogwumike, Portland Trail Blazers point guard Damian Lillard, Portland Thorns midfielder Lindsey Horan, Green Bay Packers quarterback Aaron Rodgers and Houston Astros shortstop Carlos Correa, rapper Pusha T, musician/producer Pharrell Williams, fashion designer Alexander Wang, and supermodel Karlie Kloss. As a result of adidas's widespread, continuous, and exclusive use of the Three-Stripe Mark in connection with its products for over sixty-five years, the mark enjoys wide public acceptance and association with adidas, and has come to be recognized widely and favorably by the public in the United States as an indicator of the origin of adidas's goods.

28.    As a result of adidas's extensive use and promotion of the Three-Stripe Mark, adidas has built up and now owns extremely valuable goodwill that is symbolized by the mark. The general purchasing public in the United States has come to associate the Three-Stripe Mark exclusively with adidas.

**B.    Fashion Nova's Unlawful Activities**

29.    Fashion Nova is manufacturing, producing, marketing, distributing, offering for sale, and selling in interstate commerce apparel that bears identical or confusingly similar imitations of adidas's famous Three-Stripe Mark, including these examples of the Infringing Apparel:

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222








FIRST AMENDED COMPLAINT (Trademark Infringement, Trademark Counterfeiting, Unfair Competition, and Trademark Dilution)

21184-0129/LEGAL145817788.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222








FIRST AMENDED COMPLAINT (Trademark
Infringement, Trademark Counterfeiting, Unfair
Competition, and Trademark Dilution)
21184-0129/LEGAL145817788.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

  

  

FIRST AMENDED COMPLAINT (Trademark
Infringement, Trademark Counterfeiting, Unfair
Competition, and Trademark Dilution)
21184-0129/LEGAL145817788.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222








30.    The Infringing Apparel features stripe designs that are either identical to adidas's famous Three-Stripe Mark, substantially indistinguishable from that mark, or are likely to be confused with that mark.

31.    On information and belief, Fashion Nova knowingly, willfully, intentionally, and

FIRST AMENDED COMPLAINT (Trademark
Infringement, Trademark Counterfeiting, Unfair
Competition, and Trademark Dilution)
21184-0129/LEGAL145817788.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

maliciously adopted and used identical and/or confusingly similar imitations of the Three-Stripe Mark on the Infringing Apparel.

32.     The Infringing Apparel designed, manufactured, produced, distributed, marketed, promoted, offered for sale, and sold by Fashion Nova is not manufactured by adidas, nor is Fashion Nova associated, affiliated, or connected with adidas, or licensed, authorized, sponsored, endorsed, or approved by adidas in any way.

33.     adidas used its Three-Stripe Mark extensively and continuously long before Fashion Nova began distributing, marketing, promoting, offering for sale, or selling the Infringing Apparel.

34.     Fashion Nova's use of identical and/or confusingly similar imitations of adidas's famous Three-Stripe Mark is likely to deceive, confuse, and mislead actual and prospective purchasers before, during, and after purchase into believing that the Infringing Apparel is manufactured or authorized by, or in some manner associated with, adidas, which it is not.

35.     The likelihood of confusion, mistake, and deception engendered by Fashion Nova's misappropriation of adidas's famous Three-Stripe Mark is causing irreparable harm to the goodwill symbolized by the Three-Stripe Mark and the reputation for quality that it embodies.

36.     adidas objected to Fashion Nova's misappropriation of adidas's famous Three-Stripe Mark on or about June 5, 2018, July 2, 2018, September 10, 2018, March 11, 2019, and May 2, 2019.

37.     On information and belief, Fashion Nova continues to use identical and/or confusingly similar imitations of adidas's famous Three-Stripe Mark in connection with the sale of apparel that directly competes with apparel offered for sale by adidas. Fashion Nova began

18 FIRST AMENDED COMPLAINT (Trademark Infringement, Trademark Counterfeiting, Unfair Competition, and Trademark Dilution)
21184-0129/LEGAL145817788.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

selling the Infringing Apparel long after adidas had established protectable trademark rights in the Three-Stripe Mark and well after the Three-Stripe Mark became famous among the general public in the United States.

**C.    Reflex's Unlawful Activities**

38.    In blatant disregard for adidas's rights, Reflex, as a supplier to Fashion Nova, has also been importing, designing, sourcing, manufacturing, distributing, marketing, promoting, offering for sale, and/or selling in interstate commerce apparel that bears counterfeit and/or confusingly similar imitations of the famous Three-Stripe Mark, including the below example of Reflex's Infringing Apparel:



39.    Reflex's Infringing Apparel features stripe designs that are either identical to adidas's famous Three-Stripe Mark, substantially indistinguishable from that mark, or are likely to be confused with that mark.

40.    On information and belief, Reflex knowingly, willfully, intentionally, and maliciously adopted and used identical and/or confusingly similar imitations of the Three-Stripe Mark on its Infringing Apparel.

41.    The Infringing Apparel designed, manufactured, produced, distributed, marketed,

19 FIRST AMENDED COMPLAINT (Trademark Infringement, Trademark Counterfeiting, Unfair Competition, and Trademark Dilution)

21184-0129/LEGAL145817788.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

promoted, offered for sale, and sold by Reflex is not manufactured by adidas, nor is Reflex associated, affiliated, or connected with adidas, or licensed, authorized, sponsored, endorsed, or approved by adidas in any way.

42.     adidas used its Three-Stripe Mark extensively and continuously long before Reflex began distributing, marketing, promoting, offering for sale, or selling its Infringing Apparel.

43.     Reflex's use of identical and/or confusingly similar imitations of adidas's famous Three-Stripe Mark is likely to deceive, confuse, and mislead actual and prospective purchasers before, during, and after purchase into believing that Reflex's Infringing Apparel is manufactured or authorized by, or in some manner associated with, adidas, which it is not.

44.     The likelihood of confusion, mistake, and deception engendered by Reflex's misappropriation of adidas's famous Three-Stripe Mark is causing irreparable harm to the goodwill symbolized by the Three-Stripe Mark and the reputation for quality that it embodies.

45.     adidas objected to Reflex's misappropriation of adidas's famous Three-Stripe Mark on or about November 20, 2018 and March 11, 2019.

46.     On information and belief, Reflex continues to use identical and/or confusingly similar imitations of adidas's famous Three-Stripe Mark in connection with the sale of apparel that directly competes with apparel offered for sale by adidas. Reflex began selling its Infringing Apparel long after adidas had established protectable trademark rights in the Three-Stripe Mark and well after the Three-Stripe Mark became famous among the general public in the United States.

FIRST AMENDED COMPLAINT (Trademark Infringement, Trademark Counterfeiting, Unfair Competition, and Trademark Dilution)
21184-0129/LEGAL145817788.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## FIRST CLAIM FOR RELIEF
**(Federal Trademark Infringement)**

47.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

48.    Defendants' use of confusingly similar imitations of adidas's Three-Stripe Mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are manufactured or distributed by adidas, or are associated or connected with adidas, or have the sponsorship, endorsement, or approval of adidas.

49.    Defendants have used marks confusingly similar to adidas's federally registered marks in violation of 15 U.S.C. §§ 1114 and 1125(a). Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to adidas's goodwill and reputation as symbolized by adidas's Three-Stripe Mark, for which adidas has no adequate remedy at law.

50.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to adidas's great and irreparable harm.

51.    Defendants have caused and are likely to continue causing substantial injury to the public and to adidas; therefore, adidas is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CLAIM FOR RELIEF
**(Trademark Counterfeiting)**

52.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

FIRST AMENDED COMPLAINT (Trademark Infringement, Trademark Counterfeiting, Unfair Competition, and Trademark Dilution)
21184-0129/LEGAL145817788.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

53.    Defendants have used in commerce in the United States spurious marks that are identical with, or substantially indistinguishable from, the Three-Stripe Mark without adidas's authorization, and in connection with the same goods described in adidas's federal registrations for that mark.

54.    Defendants' unauthorized use of spurious marks that are identical with, or substantially indistinguishable from, the Three-Stripe Mark falsely represents Defendants' goods as emanating from or being authorized by adidas and places beyond adidas's control the quality of goods offered and sold under the Three-Stripe Mark.

55.    Defendants' unauthorized use of spurious marks that are identical with, or substantially indistinguishable from, the Three-Stripe Mark in connection with the promotion and sale and distribution of apparel is likely to cause confusion, mistake, or deception as to the source or sponsorship of Defendants' goods, and is likely to deceive the public into believing that Defendants' goods emanate from adidas, are sponsored, endorsed, or approved by adidas, are subject to adidas's quality control measures, or are otherwise associated with adidas.

56.    Defendants' foregoing conduct has been intentional, reckless, and willful.

57.    As a result of Defendants' use of spurious marks that are identical with, or substantially indistinguishable from, the Three-Stripe Mark, Defendants have used counterfeit marks, as that term is defined in Section 34(d)(1)(B) of the Lanham Act, and Defendants are accordingly liable under the anti-counterfeiting provisions of the Lanham Act.

58.    Defendants are likely to continue causing substantial injury to the public and to adidas, which has no adequate remedy at law, and adidas is entitled to injunctive relief, an accounting of profits, damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117. Additionally, pursuant to 15 U.S.C. § 1117(b), adidas is entitled to trebling of

22 FIRST AMENDED COMPLAINT (Trademark Infringement, Trademark Counterfeiting, Unfair Competition, and Trademark Dilution)
21184-0129/LEGAL145817788.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

the greater of profits or damages, and to prejudgment interest. Alternatively, pursuant to

15 U.S.C. § 1117(c), adidas is entitled to recover statutory damages for Defendants' willful use

of counterfeit marks.

### THIRD CLAIM FOR RELIEF
#### (Federal Unfair Competition)

59.    adidas repeats and incorporates by reference the allegations in the preceding

paragraphs.

60.    Defendants' use of confusingly similar imitations of adidas's Three-Stripe Mark

has caused and is likely to cause confusion, deception, and mistake by creating the false and

misleading impression that Defendants' goods are manufactured or distributed by adidas, or are

affiliated, connected, or associated with adidas, or have the sponsorship, endorsement, or

approval of adidas.

61.    Defendants have made false representations, false descriptions, and false

designations of its goods in violation of 15 U.S.C. § 1125(a). Defendants' activities have caused

and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception

of members of the trade and public, and, additionally, injury to adidas's goodwill and reputation

as symbolized by adidas's Three-Stripe Mark, for which adidas has no adequate remedy at law.

62.    Defendants' actions demonstrate an intentional, willful, and malicious intent to

trade on the goodwill associated with adidas's Three-Stripe Mark to the great and irreparable

injury of adidas.

63.    Defendants' conduct has caused, and is likely to continue causing, substantial

injury to the public and to adidas. adidas is entitled to injunctive relief and to recover

Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable

23 FIRST AMENDED COMPLAINT (Trademark
Infringement, Trademark Counterfeiting, Unfair
Competition, and Trademark Dilution)
21184-0129/LEGAL145817788.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## FOURTH CLAIM FOR RELIEF
### (Federal Trademark Dilution of the Three-Stripe Mark)

64.     adidas repeats and incorporates by reference the allegations in the preceding

paragraphs.

65.     For over sixty-five years, adidas has exclusively and continuously promoted and

used its registered Three-Stripe Mark in the United States. The Three-Stripe Mark became a

famous and well-known symbol of adidas and its products among the general public in the

United States well before Defendants began advertising, promoting, distributing, or offering for

sale the Infringing Apparel. Indeed, this Court previously held the Three-Stripe Mark to be

"unquestionably famous." *adidas Am., Inc. v. Skechers USA, Inc.*, 149 F. Supp. 3d 1222, 1247

(D. Or. 2016).

66.     Defendants are making use in commerce of confusingly similar imitations of

adidas's famous Three-Stripe Mark that dilute and are likely to dilute the distinctiveness of

adidas's famous Three-Stripe Mark by eroding the public's exclusive identification of this

famous mark with adidas, tarnishing and degrading the positive associations and prestigious

connotations of this famous mark, and otherwise lessening the capacity of the famous Three-

Stripe Mark to identify and distinguish adidas's goods.

67.     Defendants' actions demonstrate an intentional, willful, and malicious intent to

trade on the goodwill associated with adidas's Three-Stripe Mark or to cause dilution of the mark

to the great and irreparable injury of adidas.

68.     Defendants have caused and, unless enjoined by this Court, will continue to cause

irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

value of adidas's famous Three-Stripe Mark in violation of 15 U.S.C. § 1125(c). adidas therefore is entitled to injunctive relief and to Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

### FIFTH CLAIM FOR RELIEF
**(State Trademark Dilution and Injury to Business Reputation)**

69.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

70.     For over sixty-five years, adidas has exclusively and continuously promoted and used its registered Three-Stripe Mark in the United States. The Three-Stripe Mark became a famous and well-known symbol of adidas and its products among the general public in the United States well before Defendants began advertising, promoting, distributing, or offering for sale the Infringing Apparel.

71.     Defendants are making use in commerce of confusingly similar imitations of adidas's famous Three-Stripe Mark that dilute and are likely to dilute the distinctiveness of adidas's famous Three-Stripe Mark by eroding the public's exclusive identification of this famous mark with adidas, tarnishing and degrading the positive associations and prestigious connotations of this famous mark, and otherwise lessening the capacity of the famous Three-Stripe Mark to identify and distinguish adidas's goods.

72.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark or to cause dilution of the mark to the great and irreparable injury of adidas.

73.     Defendants have caused and, unless enjoined by this Court, will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness

25 FIRST AMENDED COMPLAINT (Trademark Infringement, Trademark Counterfeiting, Unfair Competition, and Trademark Dilution)

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

and value of adidas's famous Three-Stripe Mark in violation of the Oregon antidilution act,

O.R.S. § 647.107 (2009), as well as the antidilution laws of several other states, including

Alabama, ALA. CODE § 8-12-17 (2009); Alaska, ALASKA STAT. § 45.50.180 (Michie 2009);

Arizona, ARIZ. REV. STAT. ANN. § 44-1448.01 (West 2009); Arkansas, ARK. CODE ANN.

§ 4-71-213 (2009); California, CAL. BUS. & PROF. CODE § 14247 (West 2009); Connecticut,

CONN. GEN. STAT. ANN § 35-11i(c) (West 2009); Delaware, DEL. CODE ANN. tit. 6,

§ 3313 (2009); Florida, FLA. STAT. ANN. § 495.151 (West 2007); Georgia, GA. CODE ANN.

§ 10-1-451 (2009); Hawaii, HAW. REV. STAT. ANN. § 482-32 (Michie 2009); Idaho, IDAHO

CODE § 48-513 (Michie 2009); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65 (2009); Iowa,

IOWA CODE ANN. § 548.113 (West 2009); Indiana, IN. CODE 24-2-13.5 (West 2009);

Kansas, KAN. STAT. ANN. § 81-214 (2009); Louisiana, LA. REV. STAT. ANN. § 51:223.1

(West 2009); Maine, ME. REV. STAT. ANN. tit. 10, § 1530 (West 2000); Massachusetts,

MASS. GEN. LAWS. ANN. ch. 110H, § 13 (West 2009); Minnesota, MINN. STAT. ANN.

§ 333.285 (West 2009); Mississippi, MISS. CODE. ANN. § 75-25-25 (2009); Missouri, MO.

ANN. STAT. § 417.061(1) (West 2009); Montana, MONT. CODE ANN. § 30-13-334 (2009);

Nebraska, NEB. REV. STAT. ANN. § 87-140 (Michie 2009); Nevada, NEV. REV. STAT.

600.435 (2007); New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2009); New Jersey, N.J.

STAT. ANN. 56:3-13.20 (West 2009); New Mexico, N.M. STAT. ANN. § 57-3B-15 (Michie

2009); New York, N.Y. GEN. BUS. Law § 360-l (2009); Pennsylvania, 54 PA. CONS. STAT.

ANN. § 1124 (West 2009); Rhode Island, R.I. GEN. LAWS § 6-2-12 (2009); South Carolina, S.

C. CODE ANN. § 39-15-1165 (2009); Tennessee, TENN. CODE ANN. § 47-25-513 (2009);

Texas, TEX. BUS. & COM. CODE ANN. § 16.29 (Vernon 2009); Utah, UT. CODE ANN. § 70-

3a-403 (2009); Washington, WASH. REV. CODE ANN. § 19.77.160 (West 2009); West

FIRST AMENDED COMPLAINT (Trademark
Infringement, Trademark Counterfeiting, Unfair
Competition, and Trademark Dilution)
21184-0129/LEGAL145817788.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Virginia, W.V. STAT. ANN. 47-2-13 (Michie 2009); and Wyoming, WYO. STAT. ANN. § 40-1-115 (Michie 2009).

74.     adidas, therefore, is entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages, punitive damages, and reasonable attorneys' fees.

### SIXTH CLAIM FOR RELIEF
**(Unfair and Deceptive Trade Practice)**

75.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

76.     Defendants have been and are passing off their goods as those of adidas, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendants' goods, causing a likelihood of confusion as to Defendants' affiliation, connection, or association with adidas, and otherwise damaging the public.

77.     Defendants' conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including California CAL. BUS. & PROF. CODE § 17200, *et seq.* (West 2009); Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 2009); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (2009); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-375 (2009); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (2009); Illinois, ILL. COMP. STAT. ANN. ch. 815, 510/1 to 510/7 (2009); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 2009); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 2009); Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (2009); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (Michie 2009); New York, N.Y. GEN. BUS. Law § 349 (McKinney 2009); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (Baldwin 2009); and

FIRST AMENDED COMPLAINT (Trademark Infringement, Trademark Counterfeiting, Unfair Competition, and Trademark Dilution)

21184-0129/LEGAL145817788.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 2009).

78. Defendants' unauthorized use of confusingly similar imitations of adidas's Three-Stripe Mark has caused and is likely to cause substantial injury to the public and to adidas. adidas, therefore, is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

**SEVENTH CLAIM FOR RELIEF**
**(Common Law Trademark Infringement and Unfair Competition)**

79. adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

80. Defendants' actions constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless enjoined by this Court, a likelihood of confusion to the irreparable injury of adidas. adidas has no adequate remedy at law for this injury.

81. On information and belief, Defendants acted with full knowledge of adidas's use of, and statutory and common law rights to, adidas's Three-Stripe Mark and without regard to the likelihood of confusion of the public created by Defendants' activities.

82. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to the great and irreparable injury of adidas.

83. As a result of Defendants' actions, adidas has been damaged in an amount not yet determined or ascertainable. At minimum, however, adidas is entitled to injunctive relief, to an accounting of Defendants' profits, damages, and costs. Further, in light of Defendants' deliberate and malicious use of confusingly similar imitations of adidas's Three-Stripe Mark, and the need to

FIRST AMENDED COMPLAINT (Trademark Infringement, Trademark Counterfeiting, Unfair Competition, and Trademark Dilution)
21184-0129/LEGAL145817788.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

deter Defendants from engaging in similar conduct in the future, adidas additionally is entitled to punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, adidas prays that:

1.    Defendants and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by through or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined permanently from:

    a.  using the Three-Stripe Mark or any other copy, reproduction, colorable imitation, or simulation of adidas's Three-Stripe Mark on or in connection with Defendants' goods;

    b.  passing off, palming off, or assisting in passing off or palming off Defendants' goods as those of adidas, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

    c.  advertising, promoting, offering for sale, or selling the Infringing Apparel or other goods bearing confusingly similar imitations of adidas's Three-Stripe Mark;

2.    Defendants be ordered to cease offering for sale, marketing, promoting, and selling and to recall all products sold under or bearing any confusingly similar imitations of adidas's Three-Stripe Mark that are in Defendants' possession, custody, or control, or have been shipped by Defendants or under their authority, to any customer, including but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Defendants;

FIRST AMENDED COMPLAINT (Trademark Infringement, Trademark Counterfeiting, Unfair Competition, and Trademark Dilution)
21184-0129/LEGAL145817788.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

3.      Defendants be ordered to deliver up for impoundment and for destruction, all apparel, signs, advertising, sample books, promotional materials, or other materials in the possession, custody, or control of Defendants that are found to adopt, infringe, or dilute adidas's Three-Stripe Mark or that otherwise unfairly compete with adidas and its products;

4.      Defendants be compelled to account to adidas for any and all profits derived by Defendants from the sale or distribution of the Infringing Apparel;

5.      adidas be awarded all damages caused by the acts forming the basis of this Complaint;

6.      Based on Defendants' knowing and intentional use of confusingly similar imitations of adidas's Three-Stripe Mark, the damages awarded be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a);

7.      Defendants be required to pay adidas the costs of this action and adidas's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and the state statutes and common law cited in this Complaint;

8.      Based on Defendants' willful and deliberate infringement and dilution of adidas's Three-Stripe Mark, and to deter such conduct in the future, adidas be awarded punitive damages;

9.      adidas be awarded prejudgment and post-judgment interest on all monetary awards; and

10.      adidas have such other and further relief as this Court may deem just.

FIRST AMENDED COMPLAINT (Trademark
Infringement, Trademark Counterfeiting, Unfair
Competition, and Trademark Dilution)
21184-0129/LEGAL145817788.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## JURY TRIAL DEMAND

adidas respectfully demands a trial by jury on all claims and issues so triable.


DATED:  September 26, 2019          **PERKINS COIE LLP**


By:    */s/ Stephen M. Feldman*
Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

R. Charles Henn Jr. (*pro hac vice* pending)
chenn@kilpatricktownsend.com
Charles H. Hooker III (*pro hac vice* pending)
chooker@kilpatricktownsend.com
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555


Attorneys for Plaintiffs

31 FIRST AMENDED COMPLAINT (Trademark Infringement, Trademark Counterfeiting, Unfair Competition, and Trademark Dilution)

21184-0129/LEGAL145817788.1

*Perkins Coie LLP*
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222