IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ADIDAS AMERICA, INC.**, an Oregon corporation; and **ADIDAS AG**, a foreign entity,<br><br>        Plaintiffs,<br><br>    v.<br><br>**FASHION NOVA, INC.**, a California corporation,<br><br>        Defendant. | Case No. 3:19-cv-740-AC<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued an Order on Motion to Compel in this case on December 27, 2021. ECF 142. Judge Acosta denied Defendant's Motion to Compel (ECF 130) and Defendant's Notice of Request to Respond to Plaintiff's Request for Attorney Fees (ECF 141).

Rule 72 of the Federal Rules of Civil Procedure allows a magistrate judge to "hear and decide" all referred pretrial matters that are "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). For dispositive matters when the parties have not consented to the magistrate judge's jurisdiction, Rule 72 allows the magistrate judge only to "enter a recommended

disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). When a party timely objects to a magistrate judge's findings and recommendations concerning a dispositive motion, the district judge must make a de novo determination of those portions of the magistrate judge's proposed findings and recommendations to which an objection has been made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

When a party timely objects to a magistrate judge's determination of a *non-dispositive* matter, however, the district judge may reject that determination *only* when the magistrate judge's order is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This means that the Court will review the magistrate judge's factual findings for clear error and legal conclusions de novo. *See Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) ("Under 28 U.S.C. § 636(b)(1)(A), a district court may reconsider a magistrate judge's decision on a non-dispositive, non-excepted, pending pretrial matter only if it is clearly erroneous or contrary to law. This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." (simplified)); *Equal Emp. Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (same).

"[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1014 (9th Cir. 1997). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "An order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (simplified); *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021); *Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013).

Defendant, Fashion Nova, Inc., filed timely objections. ECF 143. Plaintiffs, adidas America, Inc. and adidas AG (collectively, Plaintiffs), filed a timely response. ECF 145. Defendant argues that Judge Acosta erroneously concluded that Defendant's motion to compel was moot and that the information Defendant sought was "not relevant." Defendant further argues that Judge Acosta's non-dispositive Order denied Defendant certain relief to which Plaintiffs had already "stipulated." Finally, Defendant argues Judge Acosta erred in failing to award Defendant its attorney fees incurred in bringing its motion.

In response, Plaintiffs represent to the Court that they have already conducted a reasonable and diligent search, including a search undertaken by Plaintiff adidas AG. This supports Judge Acosta's conclusion that the motion to compel was moot. Plaintiffs also state that Judge Acosta did not conclude that the information sought by Defendant was not relevant. Plaintiffs are correct. Judge Acosta concluded only that the information sought had "little relevance" or "tenuous relevancy" and was not "proportional to the needs of the case." Order, at 8, citing Fed. R. Civ. P. 26(b)(1).

Plaintiffs further represent that they did not unequivocally "stipulate" to certain relief that Judge Acosta did not allow. Instead, Plaintiffs presented a proposed stipulation "as an offer of compromise" to avoid further expense relating to Defendant's motion. In his letter dated November 17, 2021, counsel for Plaintiffs wrote the following to counsel for Defendant:

> We request that Fashion Nova withdraw the motion immediately. Persisting in pursuing the motion is wasteful of the Court's resources and needlessly will require adidas to expend resources explaining to the Court that the relief requested is either already moot or entirely unwarranted.
>
> In a further effort to address the concerns raised in our prior correspondence and the motion, adidas will agree to make Mr. Kromminga available for a three-hour deposition on the documents produced at the end of discovery related to the 2002 survey. Although we do not believe it is warranted, adidas also will

PAGE 3 – ORDER

> agree to allow Fashion Nova's expert(s) to supplement any initial expert report(s) bearing on the 2002 survey two weeks after the original report is served.
>
> In light of the foregoing, we again request that Fashion Nova withdraw its motion to compel. Because the motion is essentially moot, we do not believe it will be well received by the Court; and if Fashion Nova is not willing to withdraw its Motion, adidas will be forced to respond and seek its fees for the time expended in preparing its response. See Fed. R. Civ. P. 37(a)(4)(B).

ECF 140-28 at pp. 1-2. Defendant rejected Plaintiffs' proposal and did not withdraw its motion.

The Court concludes that Defendant has not satisfied its high burden in challenging Judge Acosta's non-dispositive Order. The Court OVERRULES Defendant's objections (ECF 143) and AFFIRMS Judge Acosta's non-dispositive Order (ECF 142) DENYING Defendant's Motion to Compel (ECF 130) and Defendant's Notice of Request to Respond to Plaintiff's Request for Attorney Fees (ECF No. 141). As Judge Acosta noted, fact discovery has closed, and the Court will not require the reopening of the deposition of Lee Kromminga. As Judge Acosta further explained, the previously set expert discovery deadlines remain in place, and the Court will not allow any amendments of expert reports absent written stipulation of the parties going forward.

**IT IS SO ORDERED.**

DATED this 25th day of January, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge